**Janette E. SESSIONS, Plaintiff,**

v.

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, Defendants.**

No. 21004.

Supreme Court of Utah.

April 9, 1986.

Janette E. Sessions, pro se.

K. Allan Zabel, Salt Lake City, for defendants.

PER CURIAM.

The claimant Janette E. Sessions seeks review from a decision of the Board of Review which denied her unemployment benefits under section 35–4–5(a) of the Utah Unemployment Compensation Act. The Board of Review adopted the findings of an administrative law judge ruling that Sessions had voluntarily left her work without good cause and that it would not be against equity and good conscience to reject her claim for unemployment pay. We affirm.

Sessions was employed as a secretary by Intermountain Power Service Corporation (IPSC) from December 29, 1982, until May 31, 1985, when she resigned. Sessions initially enjoyed her work, received substantial salary raises and compliments on her good work. As the company grew rapidly, additional personnel were hired, and Sessions and other clerical personnel were placed under the supervision of a person who Sessions thought did not understand her work duties. In a performance review conducted in December of 1984, Sessions received only a "fair" evaluation and a two

percent salary raise. Sessions wanted to apply for two positions which required more education and/or work experience than she possessed and was therefore disqualified from consideration. She continued to work for six more months and then left because of what she considered unfair treatment in performance review, merit raises, and offers of promotion. Sessions had no other work prospects at the time she left IPSC, nor had she found any work at the time her appeal was heard before the administrative law judge.

In her petition for writ of review, Sessions first alleges that the hearing before the administrative law judge was procedurally unfair, specifically in that he denied her request to review an exit interview sheet that was entered into evidence, that he failed to allow her to subpoena witnesses, and that he admitted into evidence a notice of resignation that was not made part of the record.

■ Sessions' counsel objected to the introduction of the exit interview sheet, and the administrative law judge noted the objection, but then interrogated the employer's representative Peters as to her recollection of the exit interview. Sessions was allowed to cross-examine Peters on that point.

At the outset of the hearing, the administrative law judge acknowledged that Sessions might present an additional witness to testify on her behalf, but when asked at the conclusion of the telephonic interview whether Sessions had any other matters she wanted to bring to the attention of the judge, she did not mention the need to subpoena witnesses. The exhibit she refers to is an initial interstate claim, not a request for a subpoena. This Court will not consider matters not raised before the administrative agency. *Gibson v. Board of Review,* Utah, 707 P.2d 675 (1985).

Sessions' counsel objected to the introduction of her notice of resignation because he did not have a copy in front of him. The notice of resignation was not placed in evidence, and the administrative law judge again deflected his questioning to Peters'

discussion with Sessions when she resigned. Sessions' counsel freely availed himself of his opportunity to cross-examine Peters on that point. We find Sessions' claim of lack of due process meritless.

■ Sessions next claims that the administrative law judge erred in not finding good cause for her resignation and that his ruling was clearly against equity and good conscience. Our recent decision in *Smith v. Board of Review,* Utah, 714 P.2d 1154 (1986), is dispositive as it deals with the very issues advanced here by Sessions. Sessions' reliance on *Salt Lake City Corp. v. Department of Employment Security,* Utah, 657 P.2d 1312 (1982), is misplaced. We there affirmed the award of benefits on grounds of equity and good conscience because the employee was qualified for the job she had applied for, she had been demoted, and her job evaluation had been unfair.

By comparison here, the administrative law judge found that Sessions was not qualified for the job she wanted and did not apply for a job of computer programmer for which she would have been qualified. That job would have removed her from the supervision of the personnel manager whose authority over her she resented. She did not pursue any grievance procedures nor did she apprise her employer of purported health problems. Sessions thus failed to show the necessity of immediate employment severence required to satisfy the "good cause" requirement of the statute.

The administrative law judge also found that it was not against equity and good conscience to deny benefits to Sessions as she did not substantiate her allegations of unfair treatment and failed to meet the test of reasonableness required to satisfy that element of the statute. Sessions' allegations of defective performance evaluation, merit raises, and offer of promotion presented the administrative law judge with questions of fact which are conclusive and not subject to review by this Court unless they are without substantial support

in the record, and hence, clearly arbitrary and capricious. *Salt Lake City Corp. v. Department of Employment Security, supra.* We do not find the record deficient in evidence to support the decision.

Affirmed.