1999 UT 54

**Charles V. PLEDGER, M.D., Plaintiff and Respondent,**

v.

**Ople GILLESPIE, Defendant and Third–Party Plaintiff,**

v.

**Cigna Healthplan, Third–Party Defendant and Petitioner.**

No. 980133.

Supreme Court of Utah.

June 1, 1999.

---

C. Val Morley, Jerry Schollian, Pleasant Grove, for Pledger.

Donald E. McCandless, Provo, for Gillespie.

David W. Scofield, Salt Lake City, for Cigna.

RUSSON, Justice:

¶ 1 On writ of certiorari, Cigna Healthplan seeks review of the Utah Court of Appeals' decision that it lacked jurisdiction to consider Cigna's appeal. Cigna had appealed from the district court's denial of its motions to compel arbitration and set aside a summary judgment.

## FACTS

¶ 2 This case involves a payment dispute for medical services that Dr. Charles Pledger rendered to his patient, Ople Gillespie. At the time the services were provided, Gillespie was insured by Cigna Healthplan and Dr. Pledger was a participating physician of that insurance plan. Dr. Pledger and Cigna previously had entered into a "Participating Physician Agreement" (the "Agreement"), wherein Dr. Pledger agreed to charge reduced fees for services rendered to plan participants such as Gillespie, seek payment for those services directly from Cigna, and resolve any payment dispute first through good faith settlement negotiations and then, if necessary, through binding arbitration.

¶ 3 Dr. Pledger treated Gillespie in March of 1993. Believing Dr. Pledger would bill Cigna, Gillespie did not remit any payment to him. Dr. Pledger, however, was apparently unaware that Gillespie was insured by Cigna. As a result, he did not bill Cigna, and the services he had provided Gillespie were left unpaid.

¶ 4 On or about January 14, 1994, Dr. Pledger filed a complaint against Gillespie in district court, demanding $3,799.77, plus accrued interest. This amount represented Dr. Pledger's regular fee for the services rendered rather than the reduced fee provided for in the Agreement. When she received the complaint, Gillespie knew the services she had received were covered by Cigna but did not know of the Agreement limiting the fee chargeable and requiring arbitration of the dispute.

¶ 5 Gillespie filed an answer to the complaint in February of 1994, admitting that she had not paid for the services at issue but alleging that Cigna was responsible for such payment. At approximately the same time, Gillespie also sent a written demand to Cigna to resolve the payment dispute with Dr. Pledger. Cigna responded by remitting payment to Dr. Pledger in the amount of the reduced fee owing under the Agreement instead of the larger amount demanded in the complaint.

¶ 6 Having not received what he considered full payment, Dr. Pledger pursued his action against Gillespie by moving for summary judgment. In her response to that motion, Gillespie admitted she had no defense except that Cigna was liable for the amount owed; accordingly, she sought leave to file a third-party complaint impleading Cigna.

¶ 7 On April 12, 1994, the district court granted Gillespie leave to implead Cigna. However, on May 6, 1994, before Cigna was served with the third-party complaint, the district court entered judgment in favor of Dr. Pledger pursuant to his motion for summary judgment, noting Gillespie had provided no defense to the motion. Notice of that judgment was sent to Gillespie but not to Cigna.

¶ 8 Subsequently, upon being served with the third-party complaint, Cigna hired counsel to investigate and respond to the claim against it. Cigna's counsel informed Gillespie of the Agreement between Dr. Pledger and Cigna, including the mandatory arbitration provision and reduced-fee arrangement contained therein. In light of this informa-

tion, as well as Cigna's express commitment to resolve the matter, Gillespie granted Cigna an indefinite extension to respond to her third-party complaint.

¶ 9   In an attempt to resolve the dispute, Cigna's counsel forwarded a copy of the Agreement to Dr. Pledger's counsel.   Dr. Pledger responded that at the time he treated Gillespie, the Agreement was no longer in effect.   Consequently, the parties investigated various records of both Cigna and Dr. Pledger to ascertain whether Gillespie had been treated during the period the Agreement was effective.   The parties eventually determined that the services at issue were rendered during the coverage period and, as mandated by the Agreement, pursued various settlement options.

¶ 10   By February of 1996, however, it had become clear that the parties could not agree upon a settlement.   Hence, counsel for Cigna requested from the district court copies of all the pleadings and other filings of Dr. Pledger's lawsuit in order to review the issues involved and prepare a motion to compel arbitration pursuant to the Agreement's mandatory arbitration clause.   Cigna moved to compel arbitration in August of 1996.   At the same time, Cigna also moved to set aside the summary judgment that had been entered or, in the alternative, to stay enforcement of that judgment.   The district court denied both of Cigna's motions, ruling that due to the delay between the time Cigna learned of the payment dispute and the date it sought to compel arbitration, Cigna had waived its right to resolve the dispute through arbitration.

¶ 11   Cigna appealed the denial of its motions to this court, and the appeal was transferred to the court of appeals.   Before the appeal was argued, however, the court of appeals, sua sponte, issued a memorandum decision dismissing the appeal for lack of jurisdiction.   The court of appeals reasoned that it lacked jurisdiction because the summary judgment was not a final judgment, as it resolved only the claims against Gillespie, leaving Gillespie's claim against Cigna pending.   The court of appeals also ruled that it had no jurisdiction because the district court had not designated the orders appealed from as final pursuant to rule 54(b) of the Utah Rules of Civil Procedure.   Cigna sought review of the court of appeals' decision by petitioning this court for a writ of certiorari, which we granted.

¶ 12   Cigna argues that the court of appeals erred in ruling it did not have jurisdiction.   Cigna contends that regardless of whether the orders appealed from were final judgments or had been certified properly for appeal, it was entitled to immediate review of the denial of its motion to compel arbitration pursuant to the following provision of the Utah Arbitration Act:

> An appeal may be taken by any aggrieved party as provided by law for appeals in civil actions from any court order:
>
> (1) denying a motion to compel arbitration[.]

Utah Code Ann. § 78–31a–19(1) (1996).

¶ 13   In addition, Cigna argues the merits of its initial appeal, contending that the district court erred in denying the motion to compel arbitration.   In so arguing, Cigna relies on section 78–31a–4(1) of the Utah Arbitration Act, which states, "The court, upon motion of any party showing the existence of an arbitration agreement, shall order the parties to arbitrate."   Utah Code Ann. § 78–31a–4(1) (1996).   Cigna asserts that in light of this statute, and given the mandatory arbitration clause in the Agreement,[1] the district court should have set aside the summary judgment against Gillespie and ordered the dispute to arbitration.   Cigna alleges that the district court erred in ruling it had waived its right to arbitration.

---

1.  The arbitration clause in the Agreement states:
    In the event any dispute shall arise with respect to the performance or interpretation of any of the terms of this Agreement, all matters in controversy shall be submitted to an arbitrator selected by the American Arbitration Association.

. . . .
    Both parties expressly covenant and agree to be bound by the decision of the arbitrator and accept any decision of the arbitrator as the final determination of the matter in dispute.

¶ 14   In response to Cigna's arguments, Dr. Pledger does not contest that the court of appeals erred in ruling it lacked appellate jurisdiction; rather, he also addresses the points raised in Cigna's initial appeal. Dr. Pledger argues that the district court correctly concluded Cigna had waived its right to arbitrate the payment dispute. Dr. Pledger emphasizes that more than two years had passed after Cigna became aware of the payment dispute before it filed its motion to compel arbitration, long after summary judgment in his favor had been entered. Dr. Pledger relies on section 78–31a–3 of the Utah Arbitration Act, which states:

> A written agreement to submit any existing or future controversy to arbitration is valid, enforceable, and irrevocable, *except upon grounds existing at law or equity to set aside the agreement,* or when fraud is alleged as provided in the Utah Rules of Civil Procedure.

Utah Code Ann. § 78–31a–3 (1996) (emphasis added). Dr. Pledger asserts that under the facts of this case, the doctrines of waiver and laches provide equitable grounds within the meaning of this statute for refusing to enforce the arbitration agreement.

■ ¶ 15   Given that this appeal is before us on writ of certiorari and that the court of appeals' only ruling was that it lacked jurisdiction over Cigna's appeal, our review normally would be limited to deciding whether that ruling was correct. *See, e.g., Coulter & Smith, Ltd. v. Russell,* 966 P.2d 852, 855 (Utah 1998). For the reasons expressed below, we conclude that the court of appeals did have jurisdiction over Cigna's appeal. However, instead of simply sending the case back to the court of appeals, we deem it appropriate to reach the merits of Cigna's initial appeal, namely, whether the district court erred in denying Cigna's motion to compel arbitration and in refusing to set aside the summary judgment. In so doing, the principal issue before us is whether Cigna waived its contractual right to compel arbitration of the payment dispute.

## STANDARD OF REVIEW

■ ¶ 16   Whether appellate jurisdiction exists is a question of law which we review for correctness, giving no deference to the decision below. *Cf. State v. Humphrey,* 823 P.2d 464, 465 (Utah 1991). In addition, the issue of whether a contractual right of arbitration has been waived presents mixed questions of law and fact: whether the trial court employed the proper standard of waiver presents a legal question which is reviewed for correctness, but the actions or events allegedly supporting waiver are factual in nature and should be reviewed as factual determinations, to which we give a district court deference. *See Chandler v. Blue Cross Blue Shield,* 833 P.2d 356, 360 (Utah 1992).

## ANALYSIS

■ ¶ 17   We first address whether appellate jurisdiction exists over Cigna's appeal. As noted, the court of appeals ruled that it lacked jurisdiction because the summary judgment did not dispose of all the claims involved and the district court had not designated the orders appealed from as final as provided for in Utah Rule of Civil Procedure 54(b). In its sua sponte decision, however, the court of appeals overlooked Cigna's proffered basis for appellate jurisdiction, i.e., the Utah Arbitration Act, which states that "an appeal may be taken ... from *any court order:* (1) denying a motion to compel arbitration." Utah Code Ann. § 78–31a–19(1) (1996) (emphasis added). As indicated by the emphasized language, the legislature without qualification has conferred appellate jurisdiction over any order denying a motion to compel arbitration. The plain meaning of this provision is that a party may seek review of any such order regardless of whether the order is a final judgment or has otherwise been designated as final by the district court under rule 54(b). *See Docutel Olivetti v. Dick Brady Systems, Inc.,* 731 P.2d 475, 477–78 (Utah 1986) (noting that section 78–31a–19(1) provides appellate jurisdiction and accelerates party's right to appeal). We conclude, therefore, that the court of appeals erred in ruling that it lacked jurisdiction over Cigna's appeal.

¶ 18   Having determined that appellate jurisdiction exists, we now address whether the district court erred in denying Cigna's

motion to compel arbitration. The district court denied that motion on the ground that Cigna had waived its right under the Agreement to resolve the payment dispute through arbitration. The court explained as the basis for its ruling that over two years had passed from the time Cigna was made aware of the lawsuit against Gillespie until the date Cigna sought to compel arbitration. The court stated that this delay was "contrary to the purpose and spirit of arbitration" and that "considerable delay and expense have been incurred in this matter by all concerned, in addition to the embarrassment suffered by Mrs. Gillespie in having a judgment pending against her."

¶ 19  In *Chandler*, we set forth the two-pronged standard for determining whether a party has waived a contractual right of arbitration: "[W]aiver ... must be based on both [i] a finding of participation in litigation to a point inconsistent with the intent to arbitrate and [ii] a finding of prejudice." 833 P.2d at 360 (brackets added). We elaborated that "[m]ere delay" in asserting a right to arbitration is not enough to support waiver, *see id.* at 359; rather, the party opposing arbitration must demonstrate actual prejudice or real harm resulting from the delay, such as being disadvantaged in arbitration through participation in pretrial procedures or incurring expenses that would not have been incurred in arbitration, e.g., preparing to argue important pretrial motions or conducting discovery not available in arbitration. *See id.* at 359–60.

¶ 20  Under these standards, the district court erred in ruling that Cigna had waived its right to arbitrate the payment dispute. In its findings of fact and conclusions of law, the district court failed to address the first prong of the waiver analysis. The undisputed facts nonetheless reveal that Cigna did not participate at all in the underlying litigation. As noted earlier, Cigna was not even served with the third-party complaint against it until after summary judgment in favor of Dr. Pledger had been entered. Once served, Cigna still did not participate in the litigation, but instead ar-ranged not to have to answer the third-party complaint so it could pursue settlement of the dispute with Dr. Pledger as the Agreement required.

¶ 21  Moreover, even before Cigna was made a party to the lawsuit, it had remitted payment to Dr. Pledger in the amount of the reduced fee owing under the Agreement. It was Dr. Pledger who, despite having received that payment, sought additional sums from Gillespie by pursuing the litigation and obtaining a judgment against her. We refuse to entertain Dr. Pledger's arguments concerning equitable doctrines such as laches when it was he who instigated and advanced the litigation in violation of his Agreement with Cigna—whether knowingly or not—by seeking payment for his services directly from Gillespie and demanding sums in excess of the reduced fee. *See LHIW, Inc. v. DeLorean*, 753 P.2d 961, 963 (Utah 1988) (stating that "a party seeking equity must do so with clean hands").

¶ 22  In addition, under the second prong of the waiver analysis, Dr. Pledger fails to demonstrate prejudice. Dr. Pledger argues that he was prejudiced by the delay between the time Cigna learned of the payment dispute and the time it filed its motion to compel arbitration. The district court relied upon that delay in support of its ruling. As set forth in *Chandler*, however, mere delay is an insufficient basis for waiver of a right to arbitration. *See* 833 P.2d at 359–60. This is especially so in this case, where much of Cigna's delay in seeking arbitration resulted both from Dr. Pledger's contesting whether he treated Gillespie during the period when the Agreement was effective and, after coverage was verified, from mandatory settlement negotiations that ultimately failed. The district court's statement that the delay caused Gillespie to suffer embarrassment from having a judgment pending against her simply does not support its conclusion that Cigna waived its right under its Agreement with Dr. Pledger to arbitrate the dispute with him.[2]

¶ 23  Furthermore, under the indicia of prejudice outlined in *Chandler*, Dr. Pledger has made no showing that he will be nega-

---

2. The district court suggested that by not seeking arbitration upon first learning of the payment dispute, Cigna failed to adequately protect Gillespie's interests. Even if that proposition were

tively impacted by arbitrating the dispute at this juncture. Dr. Pledger does not contend that he will be disadvantaged in arbitration by having participated in the litigation in district court. Moreover, Dr. Pledger has not established that he incurred significant expenses in the district court litigation that would not have been incurred in arbitration.

¶ 24 In light of the foregoing, we conclude that Cigna did not waive its right under the Agreement to arbitrate the payment dispute. As a result, the district court erred in denying Cigna's motion to compel arbitration and in refusing to set aside the judgment entered against Gillespie. We therefore remand this case to the district court for entry of an order setting aside the summary judgment and directing the parties to submit their dispute to arbitration.

¶ 25 Chief Justice HOWE, Associate Chief Justice DURHAM, Justice STEWART, and Justice ZIMMERMAN concur in Justice RUSSON'S opinion.

true, the remedy would not be a ruling that Cigna had waived its right to have the dispute arbitrated.