2004 UT App 283

**BOARD OF EQUALIZATION OF SUMMIT COUNTY,**
Petitioner,

v.

**STATE TAX COMMISSION, Bradley Scott, and Jilliam Scott,**
Respondents.

No. 20030539–CA.

Court of Appeals of Utah.

Aug. 26, 2004.

David L. Thomas, Jami Brackin, and Robert W. Adkins, Coalville, for Petitioner.

Mark L. Shurtleff, Atty. Gen., and Michelle Bush, Asst. Atty. Gen., Salt Lake City, and Joseph E. Tesch, Kraig J. Powell, and Victoria W. Romney, Tesch Graham PC, Park City, for Respondents.

Before BILLINGS, P.J., GREENWOOD, and JACKSON, JJ.

## OPINION

GREENWOOD, Judge:

¶ 1 The Summit County Board of Equalization (Summit County) seeks review of the decision of the Utah State Tax Commission (Commission) determining that Bradley Scott was domiciled at his Park City, Utah home, and therefore qualified for a residential property tax exemption, for the year 2001.[1] Because this decision resulted in the Scott family receiving exemptions for both their Park City home and their Salt Lake City, Utah home, Summit County asks this court to decide whether under Utah law, the Commission erred by effectively allowing two residential exemptions for one family.

## BACKGROUND

¶ 2 Bradley and Jillian Scott (the Scotts) are married and have four children. Together they own two homes; a Park City residence purchased in 1989, and a Salt Lake City residence purchased in 1999. Until 1997, the Scotts lived in California, but maintained the Park City residence as a vacation home. In 1997, Mrs. Scott moved from California to the Park City residence with the four children, and in 1998 Mr. Scott followed. Because the Scott children were enrolled in a private school in Salt Lake City, in 1999 the Scotts purchased the Salt Lake City residence to accommodate the educational and social activities of the children. During the school year, Mrs. Scott and the children spend four nights a week at the Salt Lake City residence and three nights a week at the Park City residence. Mr. Scott spends five nights a week at the Park City residence and two nights a week at the Salt Lake City residence. During school vacation days, the entire family stays in Park City.

¶ 3 In 2001, the Summit County assessor and the Salt Lake County assessor jointly decided that although both homes had previously received a primary residential exemption, only the Salt Lake City home should qualify for the exemption. Based on this decision, the Summit County assessor removed the primary residential exemption from the Park City home. The Summit County Board of Equalization sustained the assessor's actions. Mr. Scott appealed the Summit County assessor's decision to the Commission. He argued that the Park City residence was his primary domicile, and asked the Commission to reinstate the primary residential exemption. He asked the Commission to find either that he and his family have two "households," or that the family constitutes one "household" that is domiciled in Park City.

¶ 4 On May 22, 2003, the Commission issued its Findings of Fact, Conclusions of Law, and Final Decision. The issue before the Commission as described in the Findings of Fact was "whether the Petitioners are entitled to receive the primary residential exemption on the [Park City] property." The Commission decided, based on the totality of the evidence and testimony, that Mr. Scott was domiciled at the Park City residence, and therefore, the Park City residence should receive the primary residential exemption. The Commission expressly did not determine the domicile of Mrs. Scott and the children, stating only that "[f]rom the limited information provided it is possible that their domicile was also at the Park City subject property." Summit County appeals that decision.

---

1. Tax Commission Decision, Appeal No. 01–1891    (decided May 22, 2003).

## ISSUES AND STANDARDS OF REVIEW

¶5 Summit County argues that the Commission erred in effectively determining the Scotts were entitled to two primary residential tax exemptions. When reviewing a formal adjudicative proceeding commenced before the Commission, the standard of review set out in Utah Code section 59–1–610 applies. *See* Utah Code Ann. § 59–1–610 (2000); *Yeargin, Inc. v. Auditing Div. of the Utah State Tax Comm'n*, 2001 UT 11,¶ 11, 20 P.3d 287. We grant the Commission "deference concerning its written findings of fact, applying a substantial evidence standard on review." Utah Code Ann. § 59–1–610(1)(a). We accord the Commission "no deference concerning its conclusions of law, applying a correction of error standard." *Id.* at § 59–1–610(1)(b).

¶6 Additionally, Mr. Scott questions this court's jurisdiction to decide the issue appealed by Summit County because the Commission did not directly address whether one family may receive two residential exemptions. "Questions not raised in an administrative tribunal are generally not subject to judicial review." *Jensen v. State Tax Comm'n*, 835 P.2d 965, 974 (Utah 1992). However, this court may decide a case based on any valid ground found within the record. *See Acton v. Deliran*, 737 P.2d 996, 999 n. 4 (Utah 1987) (explaining that the court may decide a case on a ground not argued by the parties). In this case, however, it appears that the issue of the legality of two exemptions for one family was argued by Summit County, but the Commission did not address it. Furthermore, because Mr. Scott contends we lack jurisdiction to consider the issue, we must rule as a matter of law. *See Pledger v. Gillespie*, 1999 UT 54,¶ 16, 982

P.2d 572 ("Whether appellate jurisdiction exists is a question of law which we review for correctness.").

## ANALYSIS

¶7 The Utah Constitution permits the legislature to provide by law, exemptions from taxation for residential property as long as they do not exceed 45% of the fair market value. *See* Utah Const. art. XIII, § 3(2)(a)(iv).[2] Pursuant to that authority, the legislature has provided a 45% exemption for residential property. *See* Utah Code Ann. § 59–2–103(2) (2000). "Residential property" is defined as "any property used for residential purposes as a primary residence." *Id.* § 59–2–102(27) (2000).

¶8 Utah Administrative Rule 884–24P–52 was promulgated to provide direction in administering the residential exemption for a primary residence. The rule defines "primary residence" as "the location where domicile has been established." Utah Admin. Code R884–24P–52(B). A person's domicile is based on seventeen factors contained in rule 884–24P–52(E). Significantly, the rule also limits the exemption to "one primary residence per household." Utah Admin. Code R884–24P–52(C). Finally, for application of the primary residence exemption, "household" is defined as "the association of persons who live in the same dwelling, sharing its furnishings, facilities, accommodations, and expenses." Utah Code Ann. § 59–2–1202(4) (2000).[3]

¶9 In Utah, there is no appellate case law interpreting the term "household" and considering the possibility of dual exemptions. However, the Commission has addressed this issue on at least three prior occasions. *See*

2. Article XIII of the Utah Constitution was amended effective January 1, 2003. Prior to the amendment, and at the time of this controversy, the provision allowing for the 45% exemption appeared in article XIII, section 2(8).

3. During its 2004 General Session, the Utah Legislature passed Senate Bill 120 amending Utah Code sections 59–2–102 (2003) and 59–2–103 (2003). Senate Bill 120 first codified the definition of "household" formerly found in Utah Code section 59–2–1202, *see* Utah Code Ann. § 59–2–1202 (Supp.2003), and clarified its meaning by specifically stating that " 'household' includes

married individuals who are not legally separated, that have established domiciles at separate locations within the state." S.B. 120, 55th Leg., 2004 Gen. Sess., 2004 Utah Laws ——. The bill also specified that "the residential exemption . . . is limited to one primary residence per household," a limitation previously found only in Utah Administrative Rule 884–24P–52(C). *Id.* at ——. This newest version of these statutes clearly precludes more than one exemption per married couple. Therefore, the case before us has limited applicability.

*R.H. v. Board of Equalization,* Tax Commission Decision, Appeal No. 94–2128 (decided May 25, 1995); *J.B. v. Board of Equalization,* Tax Commission Decision, Appeal No. 02–0598 (decided Sept. 9, 2002); *Couple v. Board of Equalization,* Tax Commission Decision, (decided Jan. 2003).[4] Copies of these decisions were attached to the parties' briefs on appeal and the two most recent decisions were referred to in the Commission's decision in this case. While these decisions are not binding on this court, they are useful in understanding the Commission's historical approach to this issue.

¶ 10 First, in *R.H. v. Board of Equalization,* Tax Commission Decision, Appeal No. 94–2128 (decided May 25, 1995), a married couple jointly owned a duplex in Salt Lake City, as well as a condominium in St. George, Utah. The husband spent half of the year living in the St. George home while his wife spent most of her time in the Salt Lake City home. The Washington County Board of Equalization denied the husband's application for primary residential property status for the St. George property. On appeal, the Commission decided that the couple was entitled to only one primary residential exemption. The Commission noted that the controlling factor in its determination was the fact that the husband was married. "The law allows one primary residence per household and as long as a taxpayer is married that taxpayer can have only one primary residence in this state." *Id.* at 11–12. The Commission concluded that permitting two exemptions would "allow a husband and wife to have separate primary residences and thwart the intent of statute." *Id.* at 10.

¶ 11 Next, in *J.B. v. Board of Equalization,* Tax Commission Decision, Appeal No. 02–0598 (decided Sept. 9, 2002), J.B. and J.F. owned two residential properties in joint tenancy, one in Salt Lake County, and the other in Summit County. J.F. sent a letter to the Salt Lake County Assessor asking that the primary residential exemption for the 2001 tax year be removed from the Salt Lake County property in order to obtain the exemption for the Summit County property. Shortly thereafter, J.B. signed and filed an affidavit designating the Salt Lake County property as her primary residence. The Salt Lake County assessor removed the exemption from the Salt Lake County property reasoning that J.B. and J.F. constituted a "household" and the Summit County property was receiving the exemption.[5]

¶ 12 J.B. appealed the exemption removal, but the Salt Lake County Board of Equalization denied her request to have the exemption on the Salt Lake County property reinstated. On appeal, the Commission determined that J.B. and J.F. constituted a "household" and, therefore, were entitled to only one residential exemption. The Commission further decided that J.B. and J.F. were both domiciled at the Salt Lake County property, and therefore, the Salt Lake County property qualified for the primary residential exemption for 2001. The Commission forwarded a copy of its decision to Summit County so it could "make any investigation and adjustments it deem[ed] appropriate on the Summit property." *Id.* at 9.

¶ 13 Finally, in *Couple v. Board of Equalization,* Tax Commission Decision, (decided Jan. 2003),[6] Mr. and Mrs. Couple appealed the decision of Salt Lake County removing the primary residential exemption from their Salt Lake County home for the 2001 tax year. Mr. and Mrs. Couple also owned a home in Arizona where both lived until Mrs. Couple moved to Utah. After moving to Utah in 1996, Mrs. Couple lived about 80 percent of the time in their Salt Lake County home while Mr. Couple lived 60–70 percent of the time in the Arizona home.

---

4. Under Utah Code section 59–1–502.5(4), "all initial [Tax Commission] hearing proceedings are privileged." Utah Code Ann. § 52–1–502.5(4) (2000). Although both parties submitted and relied upon prior Commission decisions from initial hearings, we nonetheless abbreviate the parties' names to protect their privacy. The case referred to as *Couple* was attached to the Scotts' brief with all identifying information redacted.

5. It is not clear if J.F. and J.B. were married.

6. All information identifying the petitioners and this particular Commission decision have been redacted by the Scotts' in accordance with Utah Code section 59–1–502.5(4). *See* Utah Code Ann. § 59–1–502.5(4) (2000). Therefore we refer to petitioners as Couple. *See* footnote 3 supra.

¶ 14 The Commission first determined that Mr. Couple was domiciled at the Arizona home and Mrs. Couple was domiciled at the Salt Lake County home on the 2001 lien date. The Commission held that because they were domiciled at different locations, they did not constitute a "household," and ordered that the Salt Lake County property receive the residential exemption. In support of its decision, the Commission noted that although reaching an opposite result, its ruling comported with its decision in *J.B. v. Board of Equalization*, where it had noted that two exemptions could be given to a couple if they were domiciled at different locations and did not comprise a household. *See J.B. v. Board of Equalization*, Appeal No. 02–0598 at 5. The Salt Lake County Board of Equalization did not appeal the Commission's *Couple* decision.

¶ 15 Unlike the *R.H.*, *J.B.*, and *Couple* decisions, the Commission in this case did not address whether the Scotts were entitled to two primary residential exemptions. The Commission noted it did not have sufficient information to determine the domicile of Mrs. Scott and the children. Also, unlike the prior cases, the Commission did not address whether Mr. and Mrs. Scott and their children constituted a single "household." In this case, Summit County asks this court to prevent the Scott's from receiving exemptions on both the Summit County property and the Salt Lake City property, which could result from the Commission's decision.[7] However, as the Commission made clear in its decision, "[t]he primary residential exemption of the Park City home is the only issue in this matter." The legitimacy of the Salt Lake City property's exemption was not before the Commission because Salt Lake County had not sought to remove that exemption. "Questions not raised in an administrative tribunal are generally not subject to judicial review." *Jensen v. State Tax Comm'n*, 835 P.2d 965, 974 (Utah 1992); *see also Sessions v. Board of Review*, 717 P.2d 1311, 1312 (Utah 1986) (per curiam) (stating

that the court "will not consider matters not raised before the administrative agency").

¶ 16 In its ruling, the Commission intimated that the Salt Lake City property likely did not qualify for an exemption. However, it went on to state, "we need not make any determination about [Mrs. Scott and the Scott children's] domicile to issue a ruling in this matter and, consequently, decline to do so." The Commission could have acted as it did in *J.B.* and sent a copy of its decision to Salt Lake County to make any "investigation and adjustments it deemed appropriate," *J.B. v. Board of Equalization*, Appeal No. 02–0598 at 9, based on its ruling that the Summit County property was the primary residence of Mr. Scott. It is clear, however, that Salt Lake County knew or could easily have been made aware of the decision. Because Salt Lake County was not a party to this proceeding, the Commission could not enter an order affecting it. *See Ostler v. Buhler*, 1999 UT 99,¶ 7, 989 P.2d 1073 (noting that court lacked jurisdiction to enter an order against a nonparty).

¶ 17 We therefore conclude that the issue raised by Summit County as to whether a couple could qualify for two exemptions under Utah's former exemption statute is not properly before this court. Although the Commission referred to its prior decision in *J.B.* and *R.B.* in which it had discussed situations where a couple is domiciled in two separate locations, it did not, in this case, find that Mr. and Mrs. Scott were separately domiciled. Thus, contrary to Summit County's statement of the issue on appeal, the Commission did not determine whether the Scotts could qualify for two exemptions. The Commission did not address that issue and was not required to do so in this case. On appeal, Summit County does not challenge the issue decided by the Commission, concluding that Mr. Scott's primary residence was in Summit County.

## CONCLUSION

¶ 18 Accordingly, we affirm the Commission's decision.

7. Summit County's statement of the issue on appeal is:

Whether the Utah State Tax Commission erred when it determined that Petitioners/Appellees,

as husband and wife, were entitled to two primary residential property tax exemptions based upon its definition and interpretation of "Household" and "Domicile?"

¶ 19 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and NORMAN H. JACKSON, Judge.