2013 UT App 41

**STATE of Utah, Plaintiff and Appellee,**

v.

**ONE HUNDRED FIVE THOUSAND SIX HUNDRED FORTY SIX DOLLARS, Defendant,**

and

**Ryan Lechlider and Joshua Ruoff, Other Parties and Appellants.**

No. 20110673–CA.

Court of Appeals of Utah.

Feb. 22, 2013.

Matthew N. Sorensen, Attorney for Appellants.

John E. Swallow, Nancy L. Kemp, and Patrick B. Nolan, Salt Lake City, Attorneys for Appellee.

Opinion

THORNE, Judge:

¶ 1 Appellants Ryan Lechlider and Joshua Ruoff (Claimants) appeal from the district court's memorandum decision granting the State's complaint for forfeiture. We affirm.

## BACKGROUND

¶ 2 On October 7, 2010, Trooper Chamberlin Neff initiated a traffic stop after observing a vehicle driven by Ruoff, in which Lechlider was a passenger, traveling extremely close—less than two seconds—behind another vehicle. During the traffic stop, Trooper Neff noticed unusual behavior that made him suspect that Claimants were involved in illegal drug-running activity. Trooper Neff walked his trained drug-detection dog around the outside of the vehicle. The dog alerted, a positive indication for narcotics, on the trunk of the vehicle. Trooper Neff searched the vehicle and found large amounts of money, in various areas of the car, some bundled in thousand-dollar increments, others rubber-banded in bundles of twenty dollar bills, and others vacuumed sealed.

¶ 3 Trooper Neff directed Claimants to drive to the Department of Public Safety Office (DPS station) to allow the trooper to continue the search at a safer location. Investigator Steven Gamvroulas interviewed Claimants at the DPS station. Claimants denied ownership of the money found in the vehicle. Investigator Gamvroulas subsequently presented Claimants each with a Disclaimer of Ownership of Currency and/or Property form (Disclaimer form). When asked whether he explained the purpose of the form to Claimants, Investigator Gamvroulas testified that "normally what I'll do is say, read this, go over it and then sign it." Claimants each signed the Disclaimer form wherein each acknowledged, "I am not the owner of this currency and/or property [seized from the vehicle], or I have no legal interest in the currency and/or property. I make no claim for the return of the currency and/or property to me." (Emphasis omitted.)

¶ 4 On December 2, 2010, the State brought a complaint for forfeiture of the

seized property, consisting of $105,646. A summons and notice of intent to seek forfeiture was issued on December 15 and served on Claimants. On January 7, 2011, Claimants filed a motion to dismiss and for return of seized property. Shortly thereafter, Claimants filed a verified claim to seized property and answer to complaint for forfeiture. The State filed an opposition to Claimants' motion to dismiss, arguing that Claimants lacked standing to challenge the forfeiture proceeding. The State also filed a cross-motion to strike Claimants' answer. Claimants filed a reply arguing that the State failed to comply with the statutory time restrictions for filing and serving the complaint. The district court held an evidentiary hearing on two issues: (1) the timeliness of service of the summons and notice of intent to seek forfeiture and (2) Claimants' standing. The court determined that the Disclaimer forms Claimants signed are enforceable and carry the legal consequence of waiving their rights and standing in the forfeiture proceeding and issued a memorandum decision striking Claimants' answer and granting the State's complaint for forfeiture. The district court ordered the property forfeited to the State pursuant to Utah Code section 24–1–17. Claimants appeal.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 5 Claimants assert that the district court erred by finding that Claimants had waived both their right to receive notice of the forfeiture proceeding as well as standing to challenge the forfeiture of the currency found in the vehicle when each signed a Disclaimer form. The issue of whether a right to receive notice of a forfeiture proceeding has been waived presents a " 'legal question which is reviewed for correctness, but the actions or events allegedly supporting waiver are factual in nature and should be reviewed as factual determinations.' " *United Park City Mines Co. v. Stichting Mayflower Mountain Fonds*, 2006 UT 35, ¶ 21, 140 P.3d 1200 (citation omitted); *see also Pledger v. Gillespie*, 1999 UT 54, ¶ 16, 982 P.2d 572. "Accordingly, we 'grant

broadened discretion to the trial court's findings' when reviewing questions of waiver." *United Park City Mines Co.*, 2006 UT 35, ¶ 21, 140 P.3d 1200 (citation omitted). In addition, "a determination of standing is generally a question of law, which we review for correctness." *Mellor v. Wasatch Crest Mut. Ins. Co.*, 2009 UT 5, ¶ 7, 201 P.3d 1004.

■ ¶ 6 Claimants next argue that the district court erred by striking their answer without granting leave to amend to assert waiver defenses. " 'Leave to amend a pleading is a matter within the broad discretion of the trial court and we do not disturb its ruling unless appellant establishes an abuse of discretion resulting in prejudice.' " *Slattery v. Covey & Co.*, 857 P.2d 243, 248 (Utah Ct.App.1993) (footnote omitted) (citation omitted).

■ ¶ 7 Claimants also argue that the district court's failure to convert Claimants' motion to dismiss into one for summary judgment based on its consideration of evidence outside the pleadings, warrants reversal. " 'If a court does not exclude material outside the pleadings and fails to convert a rule 12(b)(6) motion [to dismiss] to one for summary judgment, it is reversible error unless the dismissal can be justified without considering the outside documents.' " *Tuttle v. Olds*, 2007 UT App 10, ¶ 6, 155 P.3d 893 (citation omitted). "The propriety of a dismissal under rule 12(b)(6) is a question of law we review for correctness." *Id.*

## ANALYSIS

### I. Waiver

■ ¶ 8 Claimants first assert that the Disclaimer forms were ineffective to waive their right to receive notice of the forfeiture proceeding because Claimants did not knowingly or intelligently sign the forms. Claimants assert that they were coerced into signing the Disclaimer forms based on the presentation of the form to Claimants at the DPS station, the officer's failure to issue *Miranda* warnings to Claimants, misleading statements made by an officer,[1] and mis-

---

1. When Claimants' attorney asked Officer Jason Curry if one of the Claimants asked him "if it

was a crime to carry large amounts of cash?" Officer Curry responded, "Yes. He did." Claim-

leading statements within the written terms of the Disclaimer form itself. Claimants did not, however, present these specific due process arguments to the district court. Instead, Claimants argued that the Disclaimer forms they signed were ineffective to waive their rights; first, because the forfeiture statute does not give the State the authority to obtain the waiver of due process rights with a form and second, that the forms utilized violated or are inconsistent with Claimants' due process rights. Claimants do not renew either of these argument on appeal. Rather Claimants argue that the district court erred in concluding that Claimants' waiver was voluntary, intelligent, and knowing.

■ ¶ 9 "'A waiver is the intentional relinquishment of a known right. To constitute waiver, there must be an existing right, benefit or advantage, a knowledge of its existence, and an intention to relinquish it.'" *Soter's, Inc. v. Deseret Fed. Sav. & Loan Ass'n,* 857 P.2d 935, 942 (Utah 1993) (citation omitted). "[T]he intent to relinquish a right must be distinct." *Id.* "[A] distinct intent to waive must only be shown by a preponderance of the evidence." *Id.* at 942 n. 6. "Under this legal standard, a fact finder need only determine whether the totality of the circumstances 'warrants the inference of relinquishment.'" *Id.* at 942 (citation omitted). The issue of whether a right to receive notice of a forfeiture proceeding has been waived presents a " 'legal question which is reviewed for correctness, but the actions or events allegedly supporting waiver are factual in nature and should be reviewed as factual determinations.' Accordingly, we 'grant broadened discretion to the trial court's findings' when reviewing questions of waiver." *United Park City Mines Co. v. Stichting Mayflower Mountain Fonds,* 2006 UT 35, ¶ 21, 140 P.3d 1200 (citations omitted).

¶ 10 The district court determined that numerous legal authorities recognize that individuals may waive fundamental constitutional rights in a variety of settings, including the instant case. The district court determined that Claimants

> have not presented any evidence which would suggest that the Disclaimers were signed involuntarily or were procured improperly. To the contrary, the evidence before the Court indicates that in signing the Disclaimers, ... [C]laimants were clearly informed and had knowledge of the fact that they were waiving their rights to contest forfeiture of the cash or to claim ownership of the same. The language of the Disclaimers is clear and, in bold lettering, conveys the consequences of signature. By proceeding to sign the Disclaimers, ... [C]laimants evinced their intent to relinquish known rights to the property ($105,646 United States Currency).

The record evidence supports the district court's determinations.

¶ 11 The preprinted portions of the Disclaimer forms Claimants signed state, "*I am not the owner of this currency and/or property, or I have no legal interest in the currency and/or property. I make no claim for the return of the currency and/or property to me.*" The preprinted Disclaimer forms recite that those signing the form acknowledge,

> 5.  I have been advised that this currency and/or property will be submitted for forfeiture pursuant to the laws of the State of Utah.

> 6.  *I have been advised and understand that by signing this disclaimer of ownership of this currency and/or property, I am giving up my right to have notice of forfeiture. I will not be advised of any forfeiture proceedings and I am giving up any right to file a claim opposing forfeiture of the currency and/or property.*

The form also states, "This disclaimer is made freely and voluntarily. No force has been used nor threats or promises made to get me to make this disclaimer." Claimants did not contend below that they did not understand the effect of their signature, nor did they deny that they signed the Disclaim-

ants' attorney then asked, "And you responded to him that it could be a crime to carry large amounts of cash; is that correct?" Officer Curry replied, "I told him that in certain situations, it could be a crime, yes." Claimants' attorney did not, however, argue below that Officer Curry's statements misled Claimants into signing the Disclaimer forms.

er forms. Neither did Claimants argue that their signatures were improperly procured.

¶ 12 The district court determined that the totality of the circumstances evidenced that the Claimants voluntarily disclaimed ownership of the money. The evidence, as discussed above, adequately supports that conclusion. Thus, we see no error with the court's waiver ruling. Accordingly, we affirm the district court's determination that Claimants waived their rights to notice of the forfeiture proceeding.

## II. Standing

¶ 13 Claimants next argue that the district court erred by failing to consider Claimants' argument that they reinstated their right to challenge the forfeiture proceeding by filing a claim under the Utah Uniform Forfeiture Procedures Act. However, the record demonstrates that the court did specifically consider Claimants' reinstated standing argument. The court, in its decision, stated that it considered Claimants' "assertion that they have 'reinstated' their standing and their right to challenge the forfeiture in this case by essentially responding to the State's Complaint and by otherwise participating in this action." The district court then rejected Claimants' argument because Claimants did not provide any legal authority for their reinstatement of standing argument. *Cf. Brookside Mobile Home Park, Ltd. v. Peebles,* 2002 UT 48, ¶ 14, 48 P.3d 968 (requiring a party to introduce supporting evidence or relevant legal authority to provide the district court with an opportunity to rule on the issue).

¶ 14 The record clearly demonstrates that the court considered and rejected Claimants' reinstatement argument. Claimants do not now assert that the court erred in its determination that Claimants failed to provide legal support for their argument. As a result, we see no error with the district court's disposal of Claimants' reinstatement of standing argument.

## III. Leave To Amend Pleading

¶ 15 Claimants argue that the district court erred by striking their answer without any analysis regarding whether Claimants could amend the answer to state a valid defense. Claimants assert that the court should have offered Claimants leave to amend the answer since the State did not request a dismissal "without leave to amend." Claimants further assert that leave to amend should have been granted in the interests of justice. Claimants did not, however, make those arguments below, nor did they even seek to amend the answer in the proceedings below. Because Claimants did not raise their leave to amend issues in such a way as to afford the district court an opportunity to correct the alleged error, nor do they argue plain error or exceptional circumstances on appeal, we deem Claimants to have waived those arguments. *See 438 Main St. v. Easy Heat, Inc.,* 2004 UT 72, ¶ 51, 99 P.3d 801. Thus, the issues regarding leave to amend are not preserved, and we do not consider them further.

## IV. Motion to Dismiss

¶ 16 Claimants next argue that the district court should have treated Claimants' motion to dismiss [2] as a motion for summary judgment because the court held an evidentiary hearing wherein evidence outside of the pleadings was presented. *See* Utah R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment...."). Claimants then go on to argue that because the court should have treated the motion to dismiss as a summary judgment, the court erred by weighing the evidence and determining that the waivers executed by Claimants were voluntary, intelligent, and knowing.

---

**2.** Claimants filed a motion to dismiss, arguing that the district court should dismiss the forfeiture action and return the seized money to Claimants because the State failed to bring any underlying charge or conviction as required under Utah law for forfeiture of the seized funds. Claimants also argued that the action should be dismissed because the State failed to timely serve Claimants with a summons and notice of intent to seek forfeiture.

¶ 17 In making those arguments, Claimants misconstrue the evidentiary proceeding below. The court did not hold an evidentiary hearing on Claimants' motion to dismiss. Instead, the district court held, as it is required to, a hearing to determine the facts relevant to the State's challenge to Claimants' standing. Standing is a jurisdictional prerequisite. *See Jones v. Barlow*, 2007 UT 20, ¶ 12, 154 P.3d 808 (" '[S]tanding is a jurisdictional requirement that must be satisfied' before a court may entertain a controversy between two parties." (citation omitted)). Standing issues often present questions of fact that need to be resolved through the adversarial process. *See Kennecott Corp. v. Salt Lake Cnty.*, 702 P.2d 451, 453 (Utah 1985) ("[S]tanding issues often turn on the facts of a case."); *see also Brown v. Division of Water Rights of Dep't of Natural Res.*, 2008 UT App 353, ¶ 19, 195 P.3d 933 (Thorne, J., dissenting) ("[S]tanding issues may present questions of fact that need to be resolved through the ordinary adversarial process."), *rev'd*, 228 P.3d 747 (Utah 2010). Because the evidentiary hearing was held to determine facts affecting standing and not to decide Claimants' motion to dismiss, the district court was not required to avoid resolving factual disputes as would be required when addressing summary judgment motions. We see no error with the court's resolution of factual issues related to the standing issue in dispute, nor do we observe any erroneous application of law to the facts.

## CONCLUSION

¶ 18 Claimants were informed of the consequences of signing the Disclaimer forms prior to signing the forms. Claimants did not raise any arguments before the district court that they did not understand the effect of their signature, nor did they assert that their signatures were improperly procured. Thus, the district court did not err in concluding that Claimants waived their rights to notice and standing by signing the Disclaimer forms. Likewise, Claimants do not convince this court that the district court erred in its decision to strike Claimants' answer and deny their motion to dismiss. We affirm the district court's memorandum decision granting the State's complaint for forfeiture.

¶ 19 Affirmed.

Judge WILLIAM A. THORNE authored this Opinion, in which Judge JAMES Z. DAVIS concurred. Judge GREGORY K. ORME concurred in the result.