**STATE of Utah, Plaintiff and Appellee,**

v.

**Tracy Eugene SMITH, Defendant and Appellant.**

**No. 920141.**

Supreme Court of Utah.

Dec. 27, 1993.

R. Paul Van Dam, Atty. Gen., Joanne C. Slotnik, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Craig S. Cook, Salt Lake City, for defendant and appellant.

STEWART, Justice:

Tracy Eugene Smith pleaded guilty to first degree murder. He was charged with intentionally causing the death of another while engaged in the commission of or an attempt to commit robbery or aggravated robbery. *See* Utah Code Ann. § 76–5–202(1)(d). The trial court sentenced him to life imprisonment and recommended that "the Defendant not be allowed parole or even be considered for parole until he has served at least Twenty (20) years."

On December 4, 1991, Smith moved to withdraw his guilty plea on the ground that the trial court could not have reasonably accepted a guilty plea for capital murder because Smith had denied that he was attempting to rob the victim at the time of the murder. On February 24, 1992, the trial court denied the motion to withdraw the guilty plea. Smith filed a notice of appeal from that ruling on March 20, 1992. Subsequently, on December 4, 1992, Smith filed a petition for a writ of habeas corpus in this Court, alleging that he had received ineffective assistance of counsel during the sentencing proceeding. On January 5, 1993, this Court referred the habeas petition to the Third District Court, where it is currently pending.

Counsel was appointed to represent Smith on his appeal from the denial of his motion to withdraw his guilty plea. Counsel states in his brief for defendant:

> After review of the record appellate counsel concluded that the lower court was absolutely correct in its ruling. Since Mr. Miller [a co-defendant] was purportedly ready to testify as to the intention of robbing the victim there is no question but that a jury could have believed Miller's testimony and [could] have found Defendant guilty of capital murder. The argument that Defendant made to the lower court was simply without merit.

Initially, counsel considered filing an *Anders* brief allowing Defendant to argue his position in spite of counsel's belief to the contrary. Appellate counsel has spoken [at] length with Defendant at the Utah State Prison and is now able to represent that Defendant concurs in this assessment

and therefore withdraws any appeal based upon the grounds previously raised below.

Counsel further states in his brief that under *State v. Clayton*, 639 P.2d 168 (Utah 1981), and *State v. Gabaldon*, 735 P.2d 410 (Utah Ct.App.1987), an attorney representing a criminal defendant on appeal may withdraw only if he finds the case to be wholly frivolous but that "the present situation is somewhat of a hybrid. The grounds raised by the defendant are clearly frivolous and cannot be supported. On the other hand, grounds that were not raised by the defendant below are, in the opinion of counsel, meritorious and deserve consideration by some reviewing court." We agree that other evidence of Smith's intent to rob existed and that the trial court properly denied the motion to withdraw the guilty plea.

The issue that appellate counsel urges us to address for the first time on appeal is whether the trial court erred in entering a twenty-year recommendation of incarceration with respect to Smith's prison sentence. Counsel asserts that there was no factual record before the trial court justifying that recommendation. We refuse to address the issue.

It is black-letter law that an appellate court will not address issues raised for the first time on appeal except in extraordinary circumstances that do not exist here. *Ong Int'l, Inc. v. 11th Ave. Corp.*, 850 P.2d 447, 455 (Utah 1993); *State v. Allen*, 839 P.2d 291, 302 (Utah 1992); *State v. Steggell*, 660 P.2d 252, 254 (Utah 1983). However, the district court may address the issue of the twenty-year recommendation in Smith's pending petition for a writ of habeas corpus.

Affirmed.

HALL, C.J., HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.