2013 UT App 222

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF E.S. AND N.S., PERSONS UNDER EIGHTEEN YEARS OF AGE.

A.S. AND J.S.,
Appellants,
*v.*
STATE OF UTAH AND R.S.,
Appellees.

Per Curiam Decision
No. 20130461-CA
Filed September 6, 2013

Fourth District Juvenile, American Fork Department
The Honorable Suchada P. Bazzelle
No. 1047900

Matthew Hilton, Attorney for Appellants
John E. Swallow and John M. Peterson, Attorneys
for Appellee State of Utah
Ronald D. Wilkinson and Nathan S. Shill,
Attorneys for Appellee R.S.
Martha Pierce, Guardian ad Litem

Before JUDGES DAVIS, THORNE, and VOROS.

PER CURIAM:

¶1　A.S. (Father) and J.S. (Stepmother) appeal the juvenile court's order denying their petition to terminate the parental rights of R.S. (Mother) and granting Mother custody of E.S. and N.S. We affirm in part and reverse and remand in part.

¶2　Father and Stepmother assert that the juvenile court inappropriately appointed a therapist for the children. The

therapist was appointed in November 2011. In May 2012, Father and Stepmother moved the juvenile court to remove that therapist from the case and appoint a different therapist. Their motion to change therapists was granted by the juvenile court in June 2012. Accordingly, this issue is moot because the relief sought was received earlier in the proceedings.

¶3    Father and Stepmother also argue that the juvenile court improperly acted in dual roles when the court ordered the removal of the children and then remained as the judge for the rest of the proceedings. They assert that after the removal, the juvenile court judge could no longer assure a "fair trial in front of a fair tribunal." The gist of the argument is that the juvenile court judge was either biased or took on conflicting roles in the process. However, Father and Stepmother did not file a motion to disqualify the judge under rule 63 of the Utah Rules of Civil Procedure.[1] Because they did not raise this issue in the juvenile court, it is not properly before this court on appeal. *See 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801.

¶4    Father and Stepmother assert that there was insufficient evidence for the juvenile court to find that they were actively alienating the children from Mother and had engaged in emotional maltreatment of the children. A juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *Id.* "When a foundation for

---

1. Under rule 63, a motion to disqualify a judge may be made no later than twenty days after the "date on which the moving party learns . . . of the grounds upon which the motion is based." Utah R. Civ. P. 63(b)(1)(B)(iii). A motion to disqualify must be supported by an affidavit identifying facts to show "bias, prejudice, or conflict of interest." *Id.* R. 63(b)(1)(A). The Utah Rules of Civil Procedure apply to juvenile proceedings except where inconsistent with the Utah Rules of Juvenile Procedure. Utah R. Juv. P. 2(a).

the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶5     Father and Stepmother essentially ask this court to reweigh the evidence more in their favor, which this court cannot do. *See id.* Furthermore, to challenge the sufficiency of evidence supporting a finding or conclusion, an appellant must include in the record on appeal a transcript of all evidence relevant to the challenged finding or conclusion. Utah R. App. P. 54(b). Father and Stepmother have not provided transcripts of the testimony presented at trial.[2] Absent an adequate record for review, this court cannot reach the issue of sufficiency of the evidence and must presume the regularity of the proceedings below. *See State v. Blubaugh*, 904 P.2d 688, 699 (Utah Ct. App. 1995).

¶6     Father and Stepmother also argue that the juvenile court erred in finding them in contempt without giving them notice or holding a separate hearing. The juvenile court's findings on contempt refer to admissions, stipulations, pleadings, and discussions in open court that establish Father's and Stepmother's failure to comply with certain court orders.[3] However, it appears that no hearing to address the allegations of contempt was held, thereby depriving Father and Stepmother of the opportunity to respond to the charges. We agree that this was error.

¶7     Under Utah law, a court may summarily punish contempt when it "is committed in the immediate view and presence of the court." Utah Code Ann. § 78B-6-302(1) (LexisNexis 2012). However, the ability of a court to summarily punish contempt is further

---

2. The transcripts provided on appeal are transcripts of hearings and oral rulings and include nothing from the testimony at trial.

3. It appears that the contempt sanctions against Father and Stepmother are criminal in nature. Contempt is "considered criminal when the sentence is fixed," indicating a punitive intent. *Gardiner v. York*, 2010 UT App 108, ¶ 32, 233 P.3d 500.

limited by due process requirements even if committed in the court's presence. *Gardiner v. York*, 2010 UT App 108, ¶¶ 39–40, 233 P.3d 500. A court may punish contempt without a hearing only when the "contemptuous conduct occurs in open court or the presence of the judge, disturbs the court's business, and necessitates immediate punishment." *Id.* ¶ 40. Accordingly, summary punishment may be warranted where the contemptuous conduct disrupts the operation of the court and requires immediate action to restore order to the proceedings. *Id.*

¶8    However, "[w]here conviction and punishment for contemptuous behavior committed during trial is delayed until after trial, there is no need for speed and criminal contempt sanctions may not be imposed summarily." *Id.* In this case, the juvenile court found Father and Stepmother in contempt for their conduct during trial and assessed sanctions summarily as part of its final ruling and order on the trial. Clearly, under these circumstances, there was no need for immediate action to restore order, and the juvenile court erred in imposing the sanctions without a hearing. Therefore, we vacate the findings of contempt and the sanctions imposed, and remand for a hearing on the allegations of contempt.

¶9    The juvenile court's order is affirmed in all respects except for the determination of contempt, the findings of contempt are vacated, and the matter is remanded to the juvenile court for a hearing on the contempt allegations.[4]

---

4. The petition on appeal also includes a claim regarding violations of canons of judicial conduct, which we find to be without merit. We decline to address it further. *See State v. Carter*, 776 P.2d 886, 888 (Utah 1989).