*This opinion is subject to revision before final publication in the Pacific Reporter*

**2015 UT 52**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Appellee,*

*v.*

TRACY EUGENE SMITH,
*Appellant.*

No. 20150036
Filed June 26, 2015

Fifth District, Beaver Dep't
The Honorable Paul D. Lyman
No. 881500631

Attorneys:

Sean D. Reyes, Att'y Gen., Laura B. Dupaix, Asst. Att'y Gen., Salt Lake City, for appellee

Dale W. Sessions, Cedar City, for appellant

Per Curiam:

### BACKGROUND

¶ 1    Tracy Eugene Smith was charged with first-degree murder in 1988.  That charge included capital punishment as a possible sentence.  Mr. Smith pled guilty in exchange for the State's agreement not to seek the death penalty.  He later filed a motion to withdraw his plea.[1]  The district court addressed the merits and denied the motion.  Mr. Smith appealed.[2]  We affirmed the denial of his motion to withdraw the plea in *State v. Smith*, 866 P.2d 532, 532–33 (Utah 1993).[3]

---

[1] The rules governing plea withdrawals have since been substantially amended.  Currently, a motion to withdraw a plea must be filed prior to sentencing to be deemed timely.  *See* UTAH CODE § 77-13-6(2).

[2] Mr. Smith also filed a petition for writ of habeas corpus, which was transferred to the district court. That petition alleged ineffective assistance of counsel.

[3] Mr. Smith's appeal sought to challenge both his plea and his

(continued...)

¶ 2  In 2014, Mr. Smith filed a motion to reinstate his right to appeal under rule 4(f) of the Utah Rules of Appellate Procedure.  It appears that motion was predicated on claims that his counsel had rendered ineffective assistance in advising Mr. Smith to accept the plea.  The district court addressed the motion under the criteria set forth by rule 4(f) and determined the allegations did not satisfy those criteria.  Mr. Smith appealed that decision, and it was transferred to the court of appeals pursuant to rule 42(a) of the Rules of Appellate Procedure. Mr. Smith subsequently filed a letter claiming the appeal was not subject to transfer. We issued an order temporarily recalling the transfer of this appeal for the sole purpose of determining whether it is within our exclusive jurisdiction.

## ANALYSIS

¶ 3  The framework for allocation of appellate jurisdiction between this court and the court of appeals is set forth in, respectively, sections 78A-3-102 and 78A-4-103 of the Utah Code. Each of those provisions enumerates certain specific categories of cases as falling within each court's original appellate jurisdiction. The provisions appear to be structured in a manner that avoids an overlap between the allocations of original appellate jurisdiction and that also avoids any jurisdictional vacuum.[4]  The latter goal is

---

[3](...continued)
sentence.  *See State v. Smith*, 866 P.2d 532, 532–33 (Utah 1993). Specifically, Mr. Smith had claimed that "the trial court could not have reasonably accepted a guilty plea for capital murder," *id.* at 532, and that it had lacked a factual basis for its sentencing recommendation that Mr. Smith not be allowed parole or be considered for parole until he had served at least twenty years in prison, *see id.* at 533.  With respect to the first argument, we held that "[t]he grounds raised by the defendant [were] clearly frivolous and [could not] be supported."  *Id.*  As to the second contention, we determined Mr. Smith had failed to preserve his argument in connection with his motion to withdraw the plea.  Nonetheless, we opined the habeas court could "address [that] issue . . . in [his then] pending petition for writ of habeas corpus."  *Id.*

[4] Conversely, there is a broad overlap of nonexclusive jurisdiction. Each court may transfer certain appellate proceedings to the other. There is no restriction on the transfer of *any* matter within the court of appeals' original appellate jurisdiction.  But subsection 78A-3-
(continued...)

accomplished by a residual clause, subsection 78A-3-102(3)(j), which vests appellate jurisdiction in this court for any matter not otherwise falling within the court of appeals' jurisdiction.

¶ 4    The provisions describing the enumerated original appellate jurisdiction for criminal matters are subsections (3)(h) and (3)(i), which respectively state that this court has original appellate jurisdiction over "interlocutory appeals from any court of record *involving* a *charge* of a first degree or capital felony," and "appeals from the district court *involving* a *conviction* or *charge* of a first degree felony or capital felony."[5]  (Emphases added.)  It is not immediately clear how broadly the Legislature intended the term "involving" in relation to the term "conviction" or "charge" to be read.  One obvious purpose for the term "involving" would be to accommodate the common circumstance where an information includes charges for multiple offenses of various levels.  Thus, if a criminal case includes a single first-degree or capital felony among multiple other lower degree charges or convictions, that posture would not remove the appeal from our original appellate jurisdiction.  The more serious charge is "involv[ed]," and the appeal initially would come to this Court rather than to the court of appeals.[6]

---

[4](...continued)
102(4) states that the transfer of certain categories from this Court to the court of appeals is prohibited.  Thus, the court of appeals' original appellate jurisdiction is nonexclusive, whereas a portion of our original appellate jurisdiction is exclusive.

[5] Initially, the reference in subsection 78A-3-102(3)(i) to an appeal of a "charge" seems curious because there generally is no entitlement to appeal prior to sentencing upon a verdict or plea.  Moreover, any interpretation of the provision that would allocate jurisdiction according to the original charges without considering subsequent modifications would obviate any need to refer to convictions and would nullify that term.  In that light, it appears the reference to "charge" was intended to accommodate the circumstance where the State is entitled to appeal a decision occurring prior to a conviction and the appeal is not otherwise barred by double jeopardy.  Thus, if the State appeals in that circumstance, the allocation of original appellate jurisdiction presumably would be determined according to the status of the charges at the time the appealed ruling was issued.

[6] Similarly, we conclude the terms "involving" and "conviction"
(continued...)

¶ 5   It may be less clear whether the interpretation of the term "involving" in relation to "conviction," should extend to appeals arising from various postjudgment or collateral proceedings, such as postconviction petitions, motions filed under rule 22(e) of the Rules of Criminal Procedure, petitions challenging parole decisions, or (as in this case) rulings on motions to reinstate the time to appeal under rule 4(f) of the Rules of Appellate Procedure.  Those types of proceedings certainly might be viewed as falling within subsection 78A-3-102 (3)(i) but, given our conclusion below regarding the scope of our exclusive appellate jurisdiction, we find it unnecessary to confront the precise scope of that provision to resolve the issue presented by this case.[7]

¶ 6   With respect to our *exclusive* appellate jurisdiction over criminal matters, subsection 78A-3-102(4)(a) states "[t]he Supreme Court may transfer to the Court of Appeals any of the matters over which the Supreme Court has original appellate jurisdiction, except . . . capital felony convictions or an appeal of an interlocutory order of a court of record involving a charge of a capital felony." Beginning with the reference to a "court of record" in the latter portion of the exclusive jurisdiction clause, subsection 4(a) repeats verbatim the statement of original appellate jurisdiction in subsection 3(h) for interlocutory appeals, but the first portion of the same clause, pertaining to direct appeals, omits the term "involving" in reference to appellate challenges to a capital conviction.  By

---

[6] (...continued)
are sufficiently broad to encompass an appeal of a sentence that does not challenge the underlying conviction.  Otherwise, the parallel provisions in subsections (2)(d) and (2)(e) of section 78A-4-103 (which also describe direct and interlocutory appeals "involving" lower level offenses) would not encompass an appeal limited to a sentence, and we would acquire original appellate jurisdiction (via the residual clause of subsection 78A-3-102(3)(j)) over *any* such appeal, regardless of how trivial the  severity of the crime.

[7] Even if the precise reach of subsection 78A-3-102(3)(i) is in doubt, it seems relatively clear that the court of appeals' original appellate jurisdiction does not include appeals from postjudgment or collateral cases arising from first-degree or capital felony convictions.  *See* UTAH CODE § 78A-4-103(2)(d)–(g).  Thus, to the extent there is doubt about whether subsection 78A-3-102(3)(i) includes such cases, we presumably would acquire jurisdiction under the residual clause, subsection 78A-3-102(3)(j).

omitting the term "involving" in relation to direct appeals, the exclusive jurisdiction clause is narrower than any reading that might apply to the reference to capital felony convictions within the separate description of original jurisdiction. Thus, the direct appeals described in subsection 78A-3-102(4)(a) encompass only direct challenges to capital convictions.[8]

¶ 7 It follows that the appeal in this case is not within our exclusive appellate jurisdiction. Mr. Smith previously filed a direct appeal of his sentence and the denial of his motion to withdraw his plea. The decision from which his subsequent appeal was brought did not constitute an adjudication of the validity of his conviction. It only denied a postjudgment request to reinstate the right to appeal, and his appeal of that decision does not constitute a direct challenge to his conviction. Accordingly, we transfer this appeal back to the court of appeals.

------

[8]The terms "involving" and "conviction" in subsection 78A-3-102(3)(i) include an appeal of any sentence arising from a plea to or verdict for a first-degree or capital felony. *See supra*, n.6. Thus, an appeal that challenges a death sentence but not the underlying verdict or plea would fall within our exclusive jurisdiction. But there may be a separate issue as to whether the sentence is *determinative* of the level of conviction for ascertaining our exclusive appellate jurisdiction. More specifically, the question is whether that exclusive jurisdiction encompasses an appeal by a defendant who was eligible for the death penalty upon entering a plea or being adjudged guilty but nonetheless avoided capital punishment at the penalty stage. If the sentence determines the level of conviction in that circumstance, then our exclusive jurisdiction would not encompass such an appeal. We find the statute to be ambiguous on this point and, given the independent rationale that we adopt for concluding this case is not within our exclusive jurisdiction, it is unnecessary to decide whether Mr. Smith's avoidance of the death penalty separately would remove his appeal from that exclusive jurisdiction.